## IN THE MATTER OF THE APPLICATION OF GRACE M. R. PERRIN AND SIDNEY T. PERRIN FOR A WRIT OF HABEAS CORPUS CUM CAUSA.

Argued February 3, 1940—Decided March 5, 1940.

Before Justice CASE, sitting alone pursuant to the statute.

For the applicants, *Laurence Semel.*

For the respondents, *Cox & Walburg (Harry E. Walburg).*

CASE, J. Applicants ask for a writ of *habeas corpus cum causa* to remove to the Supreme Court an action instituted March 14th, 1938, in the Union County Circuit Court by Grace M. R. Perrin and Sidney T. Perrin to recover for injuries alleged to have been caused on October 19th, 1936, by a motor truck owned by Henry M. Lintner and driven by William Young. The summons in the Circuit Court action named Young and Lintner as defendants. Lintner was served and answered. Physical delivery of the summons and complaint by the sheriff of the county of Somerset to Young

within the county of Somerset was made on June 21st, 1938—an ineffective service which was quashed by the Union County Circuit Court December 2d, 1938. Thereupon the Perrins unsuccessfully applied to the last named court to have the action transferred under the Transfer of Causes act (*R. S.* 2:26-60) from the Union County Circuit Court to the New Jersey Supreme Court.

It is said in support of the present application that not only was there a mistake in service upon Young but that the naming of Lintner as a defendant was also a mistake because it is now discovered that the owner of the offending truck was not Lintner but was Sunrise Milling Corporation, a corporation owned and controlled by Lintner; nevertheless, there has been no *non pros* as to Lintner and the action against him appears to be at issue in the Union County Circuit Court. The mistake in parties in the one instance and the faulty service in the other, together with the bar of the statute of limitations, are given as reasons for the present application. The form of affidavit which is appended to, and which purports to sustain, the petition is neither signed nor sworn to; therefore, technically, I have nothing before me upon which to act.

The writ of *habeas corpus cum causa*, sometimes called *"habeas corpus ad faciendum et recipiendum,"* is one of the forms, and a rather unusual form, of the writ of *habeas corpus*. It seems that in the common law practice during the time of Blackstone the writ of *habeas corpus cum causa* was a procedure available to the defendant and not to the plaintiff. "Such is, lastly, the common writ *ad faciendum et recipiendum,* which issues out of any of the courts of Westminster-hall, when a person is sued in some inferior jurisdiction, and is desirous to remove the action into the superior court; commanding the inferior judges to produce the body of the defendant, together with the day and cause of his caption and detainer (whence the writ is frequently denominated a *habeas corpus cum causa*) to do and receive whatsoever the king's court shall consider in that behalf," *Bl. Comm. Book III, ch. VIII, p.* *130; quoted in *Ex parte Bollman,* 4 *Cranch* 75; 2 *L. Ed.* 554. In much the same language

12 *R. C. L.* 1180, § 3, states the present uses of the writ. *Archbold's Practice* \*167 suggests that while the plaintiff might remove the defendant from the custody of the sheriff by this writ, this never occurred in practice unless done at the desire of and to oblige the defendant.

The only instances where, under my observation, the writ has issued in any court have been on the application of the defendant. The applicants herein call attention to no case where the practice has been otherwise but rely upon the statute, *R. S.* 2:27-206: "Any action commenced in a circuit court or court of common pleas, where the damages or matter in controversy exceeds two hundred dollars, may be removed, at any time before issue joined upon matter of fact or law, into the supreme court by writ of *habeas corpus,* duly allowed by a justice of the supreme court," and upon the phraseology in *Chandler* v. *Monmouth Bank,* 9 *N. J. L.* 101, wherein Chief Justice Ewing quotes from the Ordinance of August 1st, 1751, "An Ordinance respecting the Supreme Court," 1 *Halst. app.* 6: "* * * and any person or persons may commence and prosecute any action or suit in our Supreme Court, and may, by *habeas corpus, certiorari,* or any other legal writ, remove any action, suit or plaint, out of any of the respective county courts * * *." As to the effect of the cited statute, I think that the next following section, namely, *R. S.* 2:27-207—"Defendant shall, before the writ mentioned in section 2:27-206 of this title shall issue, enter into a bond to plaintiff, with sufficient surety approved by the justice, in double the sum demanded and conditioned for the payment of the amount awarded to plaintiff, with costs, if judgment pass against him"—makes quite clear that the legislative provision is set up for the benefit of a defendant and that the defendant, before he is granted the writ, shall give the bond as stated. Note, also, the statutory limitation of the period during which the writ may issue to the time before issue joined, and the fact that as to Lintner the case appears to be at issue. And the quotation from the ordinance as given in the *Chandler* case continues, without a break: "provided always, that * * * the removal of any information, indictment or cause, matter or thing, be so * * *

removed, according to, and, as near as may be, agreeably to the laws in force in that part of the kingdom of Great Britain called England, and the laws of our province of New Jersey not repugnant thereto."

The history of our legislation upon the subject may be studied in the following succession of legislative enactments (which, however, are not presented as an exhaustive enumeration):

Allinson page 159, Ch. CCIX, passed February 18, 1747-1748, "An Act to prevent actions of Fifteen Pounds, and under, being brought into the Supreme Court of this Colony," at sec. 3; id. page 227, Ch. CCCXVII, passed November 28th, 1760.

Section 6 of "An Act relative to Proceedings in the Courts of Law," passed March 9th, 1797, *Pamph. L.* 1797, *228.

Patterson page 258, being "An Act to prevent suits under a certain sum being brought in the Supreme Court," passed November 6th, 1797; id. page 364, also being sec. LXXXVI of the 1799 Practice Act (February 14th, 1799).

"An Act to facilitate the administration of justice," passed February 14th, 1838; *Pamph. L.* 138, *p.* 61, § 8.

Rev. 1845 (printed in 1847) page 201, being section 7 of "An Act respecting the circuit courts in the several counties of this state," approved April 16th, 1846; id. page 941, being section 86 of the then extant act to regulate the practice of the courts of law.

Revision of 1877, page 882, sections 222, *et seq.*, under the title of *"Habeas Corpus Cum Causa."*

General Statutes, vol. 2, p. 2569, sections 222, *et seq.*; 3 *Comp. Stat., p.* 4112, §§ 198, *et seq.*

Our decided cases include the following: *Bickham* v. *Denny,* 1 *N. J. L.* 12; *Sharp* v. *Sinnickson,* 1 *Id.* 46; *Hughes* v. *Hughes,* 1 *Id.* 209; *Anonymous,* 3 *Id.* 129; *Anonymous,* 3 *Id.* 222; *Marcellis* v. *Hamburgh Turnpike Co.,* 3 *Id.* 505; *Sneed* v. *Wallen,* 5 *Id.* 682; *Austin* v. *Nelson,* 6 *Id.* 381; *Chandler* v. *Monmouth Bank,* 9 *Id.* 101; *Mowery* v. *Camden,* 49 *Id.* 106 (at *p.* 109); *Van Hoogenstyn* v. *Delaware, Lackawanna and Western Railroad Co.,* 90 *Id.* 189; *Dahlke* v. *Fellows,* 18 *N. J. L. J.* 138.

But the complete answer in denial of the applicants' request lies, as it seems to me, in the fact that their objective is a writ commanding the Union County Circuit Court to produce, before the Supreme Court, the body of William Young when neither the Union County Circuit Court nor the Union County sheriff has, or is in position to obtain, custody of the body, either in fact or in theory.

The application will be denied, with costs.